On June 15, 1979 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa, and Kunzig, Judges.
This pro se petition,[1] alleging numerous illegal and tortious acts by agents of the United States Immigration and Naturalization Service, comes before the court on defendant’s motion to dismiss the petition for want of subject-matter jurisdiction. Plaintiff subtitles his petition "Federal Tort Claim” and cites jurisdictional statutes which refer to the jurisdiction of the district courts (28 *701 U.S.C. §§ 1346(a)(2), 1361) rather than the Court of Claims. The claims outlined by the plaintiff are tortious in nature. This court has no jurisdiction over actions sounding in tort. Algonac Manufacturing Co. v. United States, 192 Ct.Cl. 649, 428 F. 2d 1241 (1970); Eastport Steamship Corp. v. United States, 178 Ct.Cl. 599, 372 F. 2d 1002 (1967); 28 U.S.C. § 1491 (1976). Original jurisdiction over such claims is exclusively in the district courts. 28 U.S.C. § 1346(b) (1976). We conclude that we lack subject-matter jurisdiction over plaintiffs claims and therefore grant defendant’s motion to dismiss the petition.
Accordingly, it is ordered, upon consideration of the submissions of the parties, but without oral argument, that defendant’s motion is granted. The petition is dismissed.
Since the foregoing order, plaintiff has filed numerous motions, for instance motion for relief from the court’s order, motion for leave to file declaratory judgment, renewed motions for relief from court’s order, all of which the court has denied.

 Plaintiff, acting pro se, styles his filing as a "Motion for Leave to File Bill of Complaint and Bill of Complaint.” We interpret it as a petition filed pursuant to Rule 21.